UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Emiah Anderson, #173165 a/k/a Emiah Anderson, Jr., | ) ) ) | C/A No. 9:09-604-HFF-BM |
| Petitioner, | ) ) | Report and Recommendation |
| vs. | ) ) ) | |
| George T. Hagan, Warden, | ) ) ) | |
| Respondent. | ) ) | |

The petitioner, Emiah Anderson, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at the Allendale Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980);

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978); *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the plaintiff had paid the full filing fee, this court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

Factual Background

The petitioner was convicted by a jury of murder and criminal sexual conduct in the Jasper County Court of General Sessions on January 27, 1990, and received a sentence of life plus twenty years. (Pet. at p. 1) Petitioner alleges that he filed a direct appeal, wherein his case was affirmed on May 7, 1992, by the South Carolina Court of Appeals. In this action, the petitioner seeks to vacate his convictions, and he requests a new trial in a different venue. (Pet. at p. 28) Petitioner also alleges that his grounds for relief have been exhausted in the state courts.

With respect to collateral relief, the petitioner alleges that he has pursued three separate actions for post-conviction relief ("PCR") in the South Carolina courts. (Pet. at p. 1) He alleges that he filed his first PCR action in November 1992 and that it was dismissed in June 1993; he filed his second PCR action in July 1994 and it was dismissed in May 1996; and he filed his third PCR action in April 1998, and it was dismissed in November 1999. Petitioner then filed a motion



2

for reconsideration which was dismissed in November 2001. (Pet. at p. 13) In response to question #14, the petitioner states that he has *not* previously filed a petition in federal court regarding the conviction he challenges. However, this court's records indicate that on June 25, 2003, the petitioner filed a § 2254 habeas action seeking to vacate the same convictions that he seeks to vacate in this present action. *See Anderson v. Bazzel,* C/A No. 0:03-2038-HFF-BM (R and R filed February 12, 2004, explaining that the Jasper County murder and criminal sexual conduct convictions were the challenged convictions).[1] In *Anderson v. Bazzel,* C/A No. 0:03-2038-HFF-BM, the undersigned recommended that the § 2254 petition be denied on the merits due to the expiration of the statute of limitations. *Id.* at Docket Entry # 13. On June 15, 2004, this Court adopted the Report and Recommendation, granted the respondent's motion for summary judgment, and dismissed the § 2254 petition. *Id.* at Docket Entry # 15. Petitioner appealed the denial of that § 2254 petition to the Fourth Circuit Court of Appeals, which dismissed his appeal. *Anderson v. Bazzel,* 115 Fed.Appx. 176, 2004 WL 2943118 (4th Cir. December 20, 2004).

## Discussion

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).

---

[1] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



3

On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See* Felker v. Turpin, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d at 1194 (footnote omitted).

> The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:
>
> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

Not every numerically second petition is a "successive" petition within the meaning of the AEDPA. *See Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007). However, a petition is successive when the prior petition is adjudicated on the merits, and a petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive. *Id. See also In re Williams*, 444 F.3d 233 (4th Cir. 2006). Therefore, in order for this court to consider a second or successive § 2254 petition, petitioner must first obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th



4

Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit. However, because it appears that the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this court does not presently have jurisdiction to consider it. *Cf. United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Williams*, 444 F.3d 233, 237 (4th Cir. 2006).

## Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return*. See *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (noting that district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

*The petitioner's attention is directed to the important notice on the next page.*

_____
Bristow Marchant
United States Magistrate Judge

April 2, 2009
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



6